**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CAMPAIGN FOR TOBACCO-FREE KIDS, *et al.*,

*Plaintiffs*,

v.

FOOD AND DRUG ADMINISTRATION, *et al.*,

*Defendants*.

Case No. 26-cv-2767-ABA

**MEMORANDUM OPINION AND ORDER**

On July 14, 2026, Plaintiffs sued the U.S. Food and Drug Administration ("FDA"), the U.S. Department of Health and Human Services ("HHS"), the FDA Acting Commissioner, and the HHS Secretary, requesting an order setting aside the FDA's May 8, 2026 Guidance Document titled "Enforcement Priorities for Certain New Tobacco Products Marketed Without Premarket Authorization" (the "FDA Guidance") under the Administrative Procedure Act ("APA"). One industry association (American Vapor Manufacturers or "AVM") and two manufacturing companies—Helix Innovations LLC ("Helix"), and NJOY, LLC ("NJOY")—(collectively, "Intervenors") filed motions to intervene. ECF Nos. 34, 41.[1] Plaintiffs and Defendants filed oppositions, ECF Nos. 63–65, and the Intervenors filed replies, ECF Nos. 74–75.

[1] One additional manufacturing company, The Schwartz E-Liquid d/b/a USA Vape Lab ("UVL"), also filed a motion to intervene. ECF No. 31. UVL has subsequently withdrawn that motion, ECF No. 92, and accordingly it will be denied as moot.

The Intervenors argue they are entitled to intervention as of right under Federal Rule of Civil Procedure 24(a)(2), or in the alternative that the Court should grant permissive intervention under Rule 24(b). ECF No. 34-1 at 2; ECF No. 41-1 at 5.

Under Rule 24(a)(2), on a timely motion, a court *must* permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Under Rule 24(b), also on a timely motion, a court *may* permit anyone to intervene who, in relevant part, "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Court will grant permissive intervention under Rule 24(b); it thus need not address whether the Intervenors have a sufficient interest to intervene as of right pursuant to Rule 24(a)(2).

First, Intervenors' motions are sufficiently timely. Plaintiffs and Defendants argue that the motions are untimely because they were filed three months after the complaint. ECF No. 63 at 5; ECF No. 64 at 6. But it is the procedural posture that renders a motion untimely. Intervenors filed their motions before the proceedings have "reached a relatively advanced stage." *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014). All of the motions were filed before the operative motion for summary judgment, ECF No. 48, and thus at a stage where intervention is sufficiently early to not unduly disrupt existing proceedings.

Second, the Intervenors have articulated that they have claims or defenses that share common questions of law or fact with the main action, including whether Plaintiffs have Article III standing, and whether the FDA's adoption of the FDA Guidance was arbitrary and capricious under the APA. ECF No. 34-1 at 6; ECF No. 41-1 at 12.

Finally, granting the motions will not cause undue delay or prejudice. The Intervenors have agreed to adhere to the existing scheduling order. ECF No. 34-1 at 3; ECF No. 75 at 6. Moreover, as this is an APA case, it is unlikely there will be discovery in this matter (and no party has requested discovery). Lastly, Intervenors represent at least a portion of the industry regulated by the FDA Guidance, and therefore they bring relevant perspectives.

The Court is sensitive to the existing parties' concern that permitting intervention risks complicating the proceedings, either by opening the door to other intervenors or by multiplying the number of briefs or parties presenting at a hearing. As for other intervenors, although the Court has ruled that the existing intervenors' motions are timely, the Court likely would consider any other attempts to intervene as untimely at this point. As for multiplying the briefing, the Intervenors have filed substantive briefs. ECF No. 77 (Helix/NJOY ); ECF No. 85 (AVM). The Court will not require those parties to refile or consolidate their briefs, but will permit the existing parties to file consolidated briefs in response to those motions and, given the short time frame before the hearing, will not permit Intervenors to file reply briefs.

For these reasons, the Court ORDERS as follows:

1. The Intervenors' motions to intervene (ECF Nos. 34, 41) are GRANTED;

2. UVL's motion to intervene (ECF No. 31) is DENIED as moot;

3. Plaintiffs and Defendants may each file a consolidated brief, if any, in response to the Intervenors' briefs by December 4, 2026 (this constituting an extension of the deadline that would otherwise apply);

4. Intervenors may not file any additional briefs without leave of Court;

5. All other deadlines in ECF No. 30 remain unchanged;

6. Jane Doe's motion to proceed under pseudonym (ECF No. 2) is GRANTED, and thus Jane Doe may proceed using a pseudonym and omit her address from the caption until such time as the Court orders otherwise or the parties agree otherwise; and

7. The pending motions to file amicus briefs (ECF Nos. 54, 58, 90, 93) are GRANTED.[2]

Dated: November 16, 2026

/s/
Adam B. Abelson
United States District Judge

[2] Unrelated to the intervention motions, I understand that Zuckerman Spaeder LLP, where I practiced until September 2023, represented Campaign for Tobacco-Free Kids in certain matters, including during my time at the firm. For the parties' information I write to confirm that I did not work on any of those matters.